# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2204 | **DATE** | 9/25/2001 |
| **CASE TITLE** | Florsheim Group vs. Emilio Cruz | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Court grants in part and denies in part Florsheim's motion for summary judgment (24-1). Summary judgment is granted in favor of Florsheim and against Emilio Cruz III on Count 2 of the third amended complaint; Florsheim's motion for summary judgment is denied as to Count 1, as the claims against Emilio Cruz, Jrs., the only defendant named in that count, were previously dismissed. The case is set for status on 9/26/01 at 3:00 p.m.. for presentation of a final judgment order as to Count 2. Plaintiff is directed to provide the proposed form of order to defendant by the close of business on 9/25/01.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 26 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 40 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| OR6 | courtroom deputy's initials | 01 SEP 25 PM 5: 13 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FLORSHEIM GROUP, INC., )
)
    Plaintiff, )
)
v. ) Case No. 00 C 2204
)
EMILIO CRUZ, JR. and )
EMILIO CRUZ, III, )
)
    Defendants. )

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Florsheim Group, Inc. has sued defendants Emilio Cruz, Jr. and Emilio Cruz III, alleging that each defendant breached an agreement to guarantee Dade Quality Shoes' indebtedness to Florsheim. In 1990, Florsheim began selling shoes to Dade, which later changed its name to Miami Shoes, Inc. For the purpose of obtaining credit from Florsheim for Miami Shoes, Emilio Cruz, Jr. executed a personal guaranty of the debt on June 10, 1990. The guaranty limited Cruz, Jr.'s liability to $50,000.00. On July 28, 1994, to obtain further credit for Miami Shoes, Cruz III executed an "Unlimited Guarantee" in which he agreed to the following terms:

> [Guarantor] absolutely and unconditionally guarantee[s] the full and prompt payment to Florsheim, its successors or assigns, of any and all present and future indebtedness, liabilities and obligations, whether primary or secondary, direct or indirect or secured or unsecured, including interest and service charges, of [Miami Shoes] to Florsheim.

Cruz III further agreed that

> the acceptance, discharge or pursuit of other security of any kind [by Florsheim] for any said indebtedness . . . and whether [Miami Shoes] be partially or wholly discharged or released from said indebtedness, or any part thereof, or the granting

1



of any extension or other relief to [Miami Shoes] under any bankruptcy law of the
United States now or hereinafter enacted shall in no way affect this Guarantee,
and shall not in any way operate as a release of, extend the time of payment of, or
modify any of the undersigned Guarantor's liability hereunder[.]

After Miami Shoes filed for bankruptcy protection under Chapter 11 on March 23, 2000, Florsheim made demand on Cruz, Jr. and Cruz III for satisfaction of their respective guaranty agreements, alleging that Miami Shoes was indebted to Florsheim in the amount of $492,487.00. Cruz, Jr. and Cruz III refused Florsheim's demand, and Florsheim commenced this action. Cruz, Jr. died on October 24, 2000, and after Florsheim failed to substitute another party for him, as required by Federal Rule of Civil Procedure 25(a)(1), the Court dismissed without prejudice the claims against Cruz, Jr. We therefore deny Florsheim's motion for summary judgment regarding Cruz, Jr.'s liability on the 1990 guaranty.

**Discussion**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). If the moving party makes a prima facie showing that it is entitled to summary judgment, the burden of production shifts to the non-movant to produce evidence that demonstrates the existence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986); Fed. R. Civ. P. 56(e). The non-movant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Moreover, "[b]are allegations not supported by specific facts are insufficient in opposing a motion for summary judgment." *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989).

The parties agree that our decision is governed by Illinois law. Illinois law provides that the meaning of a guaranty is a matter of law to be determined by the trial court. *City Nat'l Bank v. Reiman*, 236 Ill. App. 3d 1080, 1089, 601 N.E.2d 316, 322 (1992). The court must strictly construe a guaranty agreement in favor of the guarantor. *Advance Process Supply Co. v. Lipton Industries Credit Corp.*, 745 F.2d 1076, 1079 (7th Cir. 1984); *Reiman*, 601 N.E.2d at 322.

Cruz III has failed to show that there is a genuine issue for trial. Having asserted the defense of collateral impairment, Cruz III has the burden to prove that Florsheim impaired collateral it held by way of an alleged security agreement. 810 ILCS 5/3-605(e). To support his claim of impairment, Cruz III has attached to his brief a Security Agreement which indicates that Florsheim took a security interest in Dade Quality Shoes' inventory in September 1993. Missing from Cruz III's submission, however, are any facts from which a fact finder could conclude that Florsheim impaired this security interest. Rather, Cruz III's affidavit alleges only that Florsheim *promised* to maintain financing statements on the security interest. Cruz III claims that Florsheim "admittedly permitted] its security interest to lapse" (Def. Resp. at 6) and that Florsheim "voluntarily permitted] its UCC financing statements to expire" (Def. Am. Answer), but he has failed to offer any evidence to support this contention. Thus he has failed to show a genuine issue regarding Florsheim's alleged impairment of collateral.

Even if Cruz III had done so, however, the defense of collateral impairment does not apply in this case. Section 3-605(e) of the Uniform Commercial Code provides that

> [i]f the obligation of a party to pay an instrument is secured by an interest in collateral and a person entitled to enforce the instrument impairs the value of the interest in collateral, the obligation of an indorser or accommodation party having a right of recourse against the obligor is discharged to the extent of the impairment. . . . 810 ILCS 5/3-605(e).

3

It is well established under Illinois law that the collateral impairment defense applies only to a negotiable instrument, defined in the UCC as an "unconditional promise or order to pay a fixed amount of money." 810 ILCS 5/3-104(a). If a guarantor executes a guaranty agreement that is separate from the negotiable instrument (such as a promissory note), the guarantor may not raise the defense of collateral impairment. *Farmers State Bank v. Schulte*, 241 Ill. App. 3d 90, 95, 608 N.E.2d 694, 697 (1993); *Ishak v. Elgin Nat'l Bank*, 48 Ill. App. 3d 614, 617, 363 N.E.2d 159, 161 (1977). *Schulte* held that a separate guaranty agreement was not a negotiable instrument, where guarantor's obligation to pay depended on a debtor's default on a promissory note because a negotiable instrument must "contain an unconditional promise to pay a sum certain in money[.]" 608 N.E.2d at 697. Similarly, *Ishak* held that a personal guaranty agreement that was separate from the promissory note was not an "instrument" under the UCC statute and thus the collateral impairment defense did not apply to the guaranty agreement. 363 N.E.2d at 161.

*Schulte* and *Ishak* govern this case. Cruz III does not contest that he executed the Unlimited Guarantee and that the Guarantee was separate from all other instruments.[1] The cases that Cruz III relies upon, *North Bank v. Circle Investment Co.*, 104 Ill. App. 3d 363, 432 N.E.2d 1004 (1982) and *First Bank and Trust Co. v. Post*, 10 Ill. App. 3d 127, 293 N.E.2d 907 (1973), do not permit the collateral impairment defense in this context. In both cases, guarantor executed a personal guaranty that was on the reverse side of a note. In *Post*, the court apparently regarded "the note" (including the security interest on the front and the guaranty on the back) as a single instrument and therefore the guarantor had the defense as a "party to the instrument."

---

[1] Cruz III's defense also fails because he agreed to "unconditionally and absolutely guarantee" Miami Shoes' indebtedness to Florsheim. The Seventh Circuit has stated that the collateral impairment defense "is not available to one who has given an unconditional guaranty of payment." *Federal Deposit Insurance Corp. v. Rayman*, 117 F.3d 994, 999 (7th Cir. 1997) (*quoting Istituto Mobiliare Italiano S.p.A. v. Motorola*, 689 F. Supp. 812, 817 (N.D. Ill. 1988)).

4

293 N.E.2d at 908, 910. *North Bank* involved a surety, as opposed to a guaranty, and the surety was discharged because the creditor's agreement with the debtor to extend additional time for payment was not supported by consideration. 432 N.E.2d at 1005, 1007.

The Court also agrees with Florsheim that Cruz III waived the defense of collateral impairment under the terms of the Unlimited Guarantee. Under Illinois law, a guarantor may waive defenses under the "clear language" of a guaranty agreement. *Brzozowski v. Northern Trust Co.*, 248 Ill.App.3d 95, 101, 618 N.E.2d 405, 410 (1993); *Bank of Homewood v. Sjo,* 113 Ill.App.3d 179, 183, 446 N.E.2d 1214, 1216 (1983). In *Brzozowski*, the lender's release of collateral did not discharge the guaranty agreement, because the guarantor agreed that the lender could "release or surrender any security for the Indebtedness . . . without affecting or impairing the liability of [the guarantor] on this guaranty[.]" 618 N.E.2d at 410. Similarly in *Bank of Homewood,* the guarantor was not discharged from the guaranty agreement when the lender released a co-debtor, because the guaranty stated that the lender may release "collateral and security and guaranties and other obligors . . . without in any manner affecting or impairing the [guarantor's] liability[.]" 446 N.E.2d at 1216. In this case, Cruz III waived the collateral impairment defense because the Unlimited Guarantee states in clear and unambiguous language that the "discharge or pursuit of other security of any kind for any said indebtedness . . . and whether [Miami Shoes] be partially or wholly discharged or released from said indebtedness . . . shall in no way affect this Guarantee[.]"

Finally, Cruz III argues that the Unlimited Guarantee is not enforceable because Florsheim allegedly failed to perform a condition precedent and subsequent to the guaranty. Cruz III alleges that Florsheim assured him that it would "execute, file and maintain appropriate financing statements . . . so as to remain a fully secured creditor [of Miami Shoes.]" (Cruz Aff. ¶

5

3.) The Court rejects defendant's argument. Florsheim's claimed assurances are barred by the parol evidence rule. If the language of a contract is facially unambiguous, the court will not consider extrinsic evidence in interpreting the contract. *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 420 (7th Cir. 1998); *Air Safety, Inc. v. Teachers Realty Corp.*, 185 Ill.2d 457, 462-63, 706 N.E.2d 882, 884 (1999). The Unlimited Guarantee unambiguously states that "the acceptance, discharge or pursuit of other security of any kind [by Florsheim] for any said indebtedness . . . and whether [Miami Shoes] be partially or wholly discharged or released from said indebtedness, or any part thereof . . . shall in no way affect this Guarantee and shall not in any way operate as a release of . . . or modify any of the undersigned Guarantor's liability[.]" This term precludes Cruz III's unenforceability argument.

## Conclusion

For the reasons explained above, the Court grants in part and denies in part Florsheim's motion for summary judgment [Docket No. 24-1]. Summary judgment is granted in favor of Florsheim and against Emilio Cruz III on Count 2 of the third amended complaint; Florsheim's motion for summary judgment is denied as to Count 1, as the claims against Emilio Cruz, Jr., the only defendant named in that count, were previously dismissed. The case is set for status on September 27, 2001 at 9:30 a.m. for presentation of a final judgment order as to Count 2. Plaintiff is directed to provide the proposed form of order to defendant by the close of business on September 26, 2001.

Dated: September 25, 2001

MATTHEW F. KENNELLY
United States District Judge